**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:08CV1288-DJS |
| ORTMANN STAIR CO., INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is plaintiffs Carpenters' District Council of Greater St. Louis and Vicinity, et al.'s motion for summary judgment [Doc. #14]. An attorney has entered an appearance on behalf of defendant Ortmann Stair Co., Inc. However, to date, defendant has filed no opposition to plaintiffs' motion, and the time to do so has expired.[1] Accordingly, plaintiffs' motion is ripe for disposition.

**Standard of Review**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir.

---

[1] On September 28, 2009, defendant asked the Court for additional time, up to and including October 19, 2009, to respond to plaintiffs' motion.

1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

**Facts**

For purposes of this motion, the Court finds that the following facts are not in dispute.[2] Plaintiff Carpenters' District Council of Greater St. Louis ("District Council") is an unincorporated association comprised of and representing persons employed as carpenters and related activities. Defendant is a Missouri corporation, and has been a party to various collective bargaining agreements with the District Council. Specifically, defendant executed collective bargaining agreements between the District Council and the St. Louis Area Building Contractors, one effective May 1, 1995, through April 30, 1999, and another effective May 5, 1999, through May 3, 2004. Both of these agreements covered "outside" carpentry work. Further, defendant

---

[2]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

and the District Council were parties to a collective bargaining agreement covering shop, or "inside," carpentry work, for the period of May 1, 2005, through April 30, 2007. Laramie Aff., Doc. #15-3, ¶¶4-7.

A third agreement for "outside" work was negotiated between the District Council and the Missouri-Illinois Independent Builders (the successor to the St. Louis Area Builders), effective May 5, 2004, through May 6, 2008. Defendant did not execute this agreement. However, defendant submitted fringe benefit contributions through May 20, 2008, at the rates set forth in this agreement. Defendant paid these fringe benefit contributions electronically. The computer screen on which defendant purchased benefit stamps stated:

> Are you sure you wish to submit payment for this transaction?
>
> By submitting this electronic report, the employer authorizes the transaction and agrees that it is bound by the terms of the Collective Bargaining Agreement with the Carpenters District Council and Trust Agreements referred to in the Collective Bargaining Agreement, or such other participation agreements, as are applicable to the employer.

Laramie Aff., Doc. #15-3, ¶10. Defendant executed a participation agreement on August 1, 2009, in order to cover its office employees under the Carpenters Health and Welfare Plan.

The 2004-2008 "outside" collective bargaining agreement authorized the Trust Funds to audit an employer's records to see if the required contributions had been made. In or around early 2005,

an audit was conducted on defendant's payroll and related records. Defendant did not dispute that it was required to submit to an audit, and did not deny that it was bound by the 2004-2008 "outside" collective bargaining agreement. Defendant submitted records for the audit, including records for the months of May, June, July, and August, 2004. When defendant did not pay the audit amounts, suit was filed in the United States District Court for the Eastern District of Missouri. During the course of that lawsuit, defendant admitted that it was bound by both the "inside" collective bargaining agreement and the 2004-2008 "outside" collective bargaining agreement.

After settlement of that lawsuit, defendant again became delinquent. Defendant owed $18,513.51 in contributions under the 2004-2008 "outside" agreement for the period of November 7, 2007, through May 4, 2008, and $3,514.55 for one employee covered under the agreement for shop employees. On March 12, 2008, an agreement was reached between the District Council and defendant to pay the delinquencies. The agreement was memorialized in a Payment Plan Agreement. The Payment Plan Agreement required defendant to make fifty-one monthly payments of $423.61 and a final monthly payment of $423.95. Although defendant failed to execute the Payment Plan Agreement, it made numerous payments required under the agreement. Defendant made nine payments of $423.61, and three payments reflecting multiple installments (a payment of $2,541.66 constituting six installments, a payment of $2,118.05 reflecting

five installments, and a payment of $1,270.83 equal to three installments). The balance due on the Payment Plan Agreement is $12,285.03, and is the basis of the instant lawsuit.

## Discussion

As stated above, in reviewing a motion for summary judgment, the Court must view all of the evidence in a light favorable to defendant. In this case, it is undisputed that defendant did not execute the 2004-2008 "outside" collective bargaining agreement, for which plaintiffs are now attempting to hold it liable. However, plaintiffs argue that defendant, though its conduct, adopted this agreement, and that it is therefore liable for the delinquent contributions sought.

An employer "may adopt a collective bargaining agreement by a course of conduct." Robbins v. Lynch, 836 F.2d 330, 332 (7th Cir. 1988). "It is well settled that a union and employer's adoption of a labor contract is not dependent on the reduction to writing of their intention to be bound. Instead, what is required is conduct manifesting an intention to abide by the terms of an agreement." N.L.R.B. v. Haberman Const. Co., 641 F.2d 351, 355-56 (5th Cir. 1981) (internal citations omitted); see also Luden's Inc. v. Local Union No. 6 of Bakery, Confectionery, & Tobacco Workers' Int'l Union of Am., 28 F.3d 347, 358 (3d Cir. 1994) ("As a general matter, implied-in-fact CBAs are compatible with federal labor law and advance the goals of federal labor policy. We have intimated

that an employer and a union may adopt an enforceable labor contract without reducing the agreement to writing, and that what really is crucial is 'conduct manifesting an intent to be bound by agreed-upon terms.'" (quoting Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 592 (3d Cir. 1988)).

In this case, defendant submitted fringe benefit contributions during the life of the 2004-2008 "outside" collective bargaining agreement. Further, defendant agreed to computer screen language acknowledging that it was bound by this agreement. Also, defendant submitted to an audit which covered part of the agreement period. Defendant, during the course of prior litigation, admitted that it was bound by the 2004-2008 "outside" collective bargaining agreement. Finally, when defendant became delinquent under the 2004-2008 "outside" collective bargaining agreement (for the period of November 7, 2007, to May 4, 2008), it made twenty-three out of fifty-one payments pursuant to the terms of the Payment Plan Agreement.

In light of the facts accepted as true for purposes of this motion, the Court finds it undisputed that defendant, through its conduct, demonstrated its intent to be bound by the 2004-2008 "outside" collective bargaining agreement. Further, it is undisputed that defendant has not paid $12,285.03 due under this agreement. Therefore, the Court will grant plaintiffs' motion for summary judgment, and will enter judgment in plaintiffs' favor for $12,285.03.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiffs Carpenters' District Council of Greater St. Louis and Vicinity, et al.'s motion for summary judgment [Doc. #14] is granted.

Dated this 10th day of November, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE